EDWARD M. ROBBINS, JR., ESQ. (SBN 82696)
Hochman, Salkin, Rettig, Toscher & Perez, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Phone: (310) 281-3200
Facsimile: (310) 859-5129
E-Mail: EdR@taxlitigator.com

Attorneys for Defendants, August Bohanec and Maria Bohanec

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AUGUST BOHANEC and MARIA BOHANEC,<br><br>    Defendants. | CASE NO. 2:15-CV-4347<br><br>Answer to Complaint to Reduce FBAR Penalty to Judgment |

Defendants, August Bohanec and Maria Bohanec, for their answer to the government's Complaint to Reduce FBAR Penalty to Judgment, respond as follows, using the same paragraph numbering and format:

**I.  Jurisdiction and venue.**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff. **Admit**.

2. This action is brought under 31 U.S.C. § 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury

1

of the United States. **Admit.**

3. Venue for this action is within the Central District of California under 28 U.S.C. § 1391 because Defendants reside within this judicial district. **Admit.**

**II.    Statutory and regulatory provisions for the FBAR penalty.**

4. Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. **Admit.**

5. Under the implementing regulations of § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]" **Admit.**

6. The report must be filled with the IRS on a Report of Foreign Bank and Financial Accounts which is also referred to as an FBAR. The report is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c). **Admit.**

7. For willful violations of the reporting requirements mandated by 31 U.S.C. § 5314, Congress – through 31 U.S.C. § 5321(a)(5)(C)(I) – authorized a maximum penalty of the greater of (1) $100,000 of (2) 50% of the balance in the account at the time of the violation. **Admit.**

8. Under 31 U.S.C. § 5321(v)(2)(A), the Government may bring suit to recover the penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the penalty was assessed. **Admit.**

**III.    The Bohanecs did not comply with the statutory requirements for reporting their interests in foreign bank accounts.**

9. August Bohanec is a United States citizen. **Admit.**

10. Maria Bohanec is a Untied States citizen. **Admit.**

11. In 2007, August Bohanec and Maria Bohanec maintained at least one foreign

2

financial account which had a balance that exceeded $10.000. **Admit.**

12. August Bohanec and Maria Bohanec were required by law to file a FBAR disclosing their financial interest in their foreign financial accounts for 2007. **Admit.**

13. August Bohanec and Maria Bohanec willfully failed to timely disclose their financial interests in foreign financial accounts for 2007 as required by 31 U.S.C. § 5314. **Deny.**

14. At the time of their violation, the balance of their interest in foreign financial accounts was at least $643,662. **Deny for lack of information.**

## Count I
## Claim to reduce FBAR penalty assessment
## against August Bohanec to judgment
## (against August Bohanec only)

15. The United States realleges paragraphs 1 through 14. **Defendant repeats his responses.**

16. On June 10, 2013, the Internal Revenue Service assessed an FBAR penalty in the amount of $160,915.75 against August Bohanec for his willful failure to report his interest in foreign financial accounts as required by 31 U.S.C. § 5314. **Deny for lack of information.**

17. On June 10, 2013, notice and demand for payment of the penalty was sent to August Bohanec. **Deny for lack of information.**

18. Interest and penalties have accrued on the assessed FBAR penalty as provided by law. **Deny for lack of information.**

19. This action is brought within the two-year limitations period specified in 31 U.S.C. § 5321(B)(2)(a). **Deny for lack of information.**

20. The United States is entitled to judgment against August Bohanec in the amount of $160,915.75 plus all statutory accruals including interest and penalties plus costs and expenses. **Deny.**

///

# Count II
## Claim to reduce FBAR penalty assessment
## against Maria Bohanec to judgment
### (against Maria Bohanec only)

21. The United States realleges paragraphs 1 through 14. **Defendant repeats her responses.**

22. On June 10, 2013, the Internal Revenue Service assessed an FBAR penalty in the amount of $160,915.75 against Maria Bohanec for her willful failure to report her interest in foreign financial accounts as required by 31 U.S.C. § 5314. **Deny for lack of information.**

23. On June 10, 2013, notice and demand for payment of the penalty was sent to Maria Bohanec. **Deny for lack of information.**

24. Interest and penalties have accrued on the assessed FBAR penalty as provided by law. **Deny for lack of information.**

25. This action is brought within the two-year limitations period specified in 31 U.S.C. § 5321(b)(2)(A). **Deny for lack of information.**

26. The United States is entitled to judgment against Maria Bohanec in the amount of $160,915.75 plus all statutory accruals including interest and penalties plus costs and expenses. **Deny.**

Wherefore, having responded to the allegations in the Government's complaint, Defendants request the Court to:

1. Dismiss this complaint and action with prejudice; and
2. Award any further relief that the Court deems just and appropriate.

Respectfully submitted,

Hochman, Salkin, Rettig, Toscher & Perez, P.C.

By: /s/ Edward M. Robbins, Jr.
Attorneys for Defendants,
August Bohanec and Maria Bohanec

6438818