EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AUGUST BOHANEC and MARIA BOHANEC,<br><br>    Defendants. | Case No.: 2:15-CV-4347 DDP (FFMx)<br><br>United States of America's memorandum of contentions of fact and law<br><br>Pretrial Conference:  Oct. 24, 2016 at 11 a.m.<br>Trial date:  November 1, 2016<br><br>Judge Dean D. Pregerson |

The United States of America, Plaintiff, contends that August Bohanec and Maria Bohanec are liable to the United States in the amount of $160,915.75 each, plus all statutory accruals including interest and penalties for their failure to file a report of foreign bank and financial accounts, also referred to as an FBAR, for 2007.  This is the only claim, and there is only one issue: Was August Bohanec's and Maria Bohanec's failure to file an FBAR for 2007 willful?

**I.    Statement of the claim, elements, and burden of proof.**

**Claim 1:** Defendants willfully failed to file an FBAR for 2007 as required by 31 U.S.C. § 5314; therefore, they are liable to the United States under 31 U.S.C. § 5321(a)(5).

**Elements:**  For a violation under § 5321(a)(5), the United States must establish that the Bohanecs:

1. Were United States persons (defined as a U.S. citizen, resident alien, or entity created under U.S. law);[1]
2. Who did not timely file an FBAR;[2]
3. With respect to a financial interest in, or signature or other authority over, a bank, securities, or other financial account that is in a foreign country;[3]
4. With a balance in excess of $10,000.[4]

Upon the establishment of these elements, the Bohanecs are each liable for a penalty that shall not exceed $10,000.[5]

---

[1] 31 C.F.R. § 1010.350(b).

[2] 31 U.S.C. § 5321(a)(5)(A); 31 U.S.C. § 5314; 31 C.F.R. § 1010.306(c)

[3] 31 C.F.R. § 1010.350(a).

[4] 31 C.F.R. § 1010.306(c).

[5] 31 U.S.C. § 5321(a)(5)(B).

1

5. The Bohanecs acted willfully.[6]

If, the Government establishes that the Bohanecs willfully failed to file the FBAR, then the maximum penalty is increased from $10,000 to the greater of $100,000 or 50% of the balance in the account at the time of violation.[7] The time of violation is the required date of filing the FBAR, which is June 30 of the year following the year for which the report must be filed.[8] Here, the FBAR for 2007 is due on June 30, 2008.

**Burden of proof:** The Government must establish these requirements by a preponderance of the evidence.[9]

## II. Summary of the law.

Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the implementing regulations of 31 U.S.C. § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]"[10] The report must be filed with the IRS on a Report of

---

[6] 31 U.S.C. § 5321(a)(5)(C). *See also United States v. McBride,* 908 F. Supp. 2d 1186, 1201 (D. Utah, 2012) "[T]o prevail, the United States must satisfy the following elements: (a) McBride was a citizen of the United States, or a resident or a person doing business in the United States during 2000 and 2001; (b) McBride had a financial interest in, or signatory or other authority over, a bank, securities or other financial account during 2000 and 2001; (c) the bank, securities or other financial account had a balance that exceeded $10,0000 during 2000 and 2001; (d) the bank, securities or other financial account was in a foreign country; (e) McBride failed to disclose the bank, securities or other financial account; (f) the failure to report was willful; and (g) the amounts of the penalties were proper."

[7] 31 U.S.C. § 5321(a)(5)(C) and (D)(ii).

[8] 31 C.F.R. § 1010.306(c).

[9] *United States v. McBride,* 908 F. Supp. 2d 1186, 1201 (D. Utah, 2012).

[10] 31 C.F.R. § 1010.350(a).

Foreign Bank and Financial accounts, which is also referred to as an FBAR. The report is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."[11] Persons who fail to file a required FBAR are liable for a penalty in an amount that shall not exceed $10,000.[12] If, however, the violation was willful, then the maximum penalty is increased to the greater of $100,000 or 50% of the balance in the account at the time of violation.[13]

The Government may satisfy the willfulness element by showing that the Bohanecs acted recklessly. In *Safeco Insurance Co. v. Burr,* the Supreme Court said that in cases "where willfulness is a statutory condition for civil liability, we have generally taken it to cover not only knowing violations of a standard but *reckless* ones as well[.]"[14] As noted by the Court, the general rule is "that a common law term in a statute comes with a common law meaning, absent anything pointing another way."[15] Thus, recklessness is "conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."[16] As noted by this Court in *Soualian v. International Coffee & Tea, LLC,* the Supreme Court's use of "harm" in defining recklessness relative to a statute does not mean that there is an actual risk of harm, but rather "reckless disregard of a *statutory duty.*"[17] As observed by the district court in

---

[11] 31 C.F.R. § 1010.306(c).

[12] 31 U.S.C. § 5321(a)(5)(B)(i).

[13] 31 U.S.C. § 5321(a)(5)(C) and (D).

[14] *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) (emphasis added).

[15] 551 U.S. at 58.

[16] 551 U.S. at 68 (internal quotation marks omitted) (*quoting Farmer v. Bennan,* 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

[17] 2008 WL 410618, * 3 (C.D. Cal. 2008) (Klausner, J.) (emphasis in original).

3

*United States v. McBride,* "an improper motive or bad purpose is not necessary to establish willfulness in the civil context."[18]

In addressing the willfulness standard under 31 U.S.C. § 5321, the Fourth Circuit in *United States v. Williams,* said that a court may infer willfulness from conduct meant to conceal sources of income or other financial information or to mislead as to such sources or information.[19] In addition, according to the Fourth Circuit, a court may infer willfulness from a conscious effort to avoid learning about reporting requirements.[20]

### III. Statement of the Government's key evidence in support of its contention that the Bohanecs willfully failed to file the required 2007 FBAR.

The Government will rely on the testimony of the Bohanecs to establish that they were reckless as to their statutory obligations to file federal income-tax return and the required FBAR. In particular:

- The UBS account in Switzerland was originally established to hold income from commission sales for which the Bohanecs did not pay federal income tax.
- The Bohanecs filed a 1998 tax return but did not file an FBAR for 1998.
- In the 2000s, the Bohanecs did not file federal income-tax returns despite having the obligation to do so.
- Once the Bohonecs did file their required tax returns for the 2000s, they did not include all the income they received during the 2000s.

In addition, the Government will rely on the following key documents:

---

[18] 908 F. Supp. 2d 1186, 1204 (D. Utah 2012).

[19] 489 Fed. Appx. at * 3 (*quoting United States v. Sturman,* 951 F.2d 1466, 1476 (6th Cir. 1991)).

[20] 489 Fed. Appx. at * 3 (*quoting Sturman,* 951 at 1466).

4

1  - Certificates of assessment: These establish the Government's assessment of the penalty under 31 U.S.C. § 5321.
2  - UBS account statements: These establish the amounts in the account as well as various transactions involving the account.
3  - UBS notices of account transfers: These establish various transactions involving the UBS account.
4  - Tax returns for 2003 through 2008 filed in May 2011.
5  - FBARs for 2003 through 2008 filed in May 2011.

### IV. Other matters specified in L.R. 16–4.

The United States does not anticipate any evidentiary issues.

The United States does not request that any issues be bifurcated.

This matter is not a jury trial.

The Government does not request attorney's fees.

The United States does not abandon any claims.

Dated: October 3, 2016

EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

**/s/ Andrew T. Pribe**
ANDREW T. PRIBE
Assistant United States Attorney