1  EILEEN M. DECKER
2  United States Attorney
   THOMAS D. COKER
3  Assistant United States Attorney
4  Chief, Tax Division
   ANDREW T. PRIBE (CA SBN 254904)
5  Assistant United States Attorney
6       Federal Building, Suite 7211
        300 North Los Angeles Street
7       Los Angeles, California 90012
8       Telephone: (213) 894-6551
        Facsimile: (213) 894-0115
9       E-mail: andrew.t.pribe@usdoj.gov
10
11 *Attorneys for the United States of America*

12
13                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
14                         WESTERN DIVISION

15 | UNITED STATES OF AMERICA,        | Case No.: CV 15-4347 DDP (FFMx)
16 |      Plaintiff,                  |
17 |                                  | Final Pretrial Conference Order
   |      v.                          |
18 |                                  |
19 | AUGUST BOHANEC and MARIA         |
   | BOHANEC,                         |
20 |                                  |
   |      Defendants.                 |
21

22
23
24
25
26
27
28

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1.	The parties are the United States of America, Plaintiff, and August Bohanec and Maria Bohanec, Defendants.  Each Defendant has been served and has appeared.

The pleadings which raise the issues are the complaint (dkt. 1) and answer (dkt. 8).

2.	Federal jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff.

Venue for this action is within the Central District of California under 28 U.S.C. § 1391 because Defendants reside within this judicial district.

The facts requisite for the Court's jurisdiction and for proper venue are admitted.

3.	The trial is estimated to take no more than one day.

4.	The trial is to be a non-jury trial.

At least seven (7) days prior to the trial date, the parties shall lodge and serve by email, fax, or personal delivery the findings of facts and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5.	The following facts are admitted and require no proof.

   1.	August Bohanec was born in 1933 in Slovenia.

1

2. August Bohanec immigrated to the United States in 1961 and became a naturalized citizen of the United States in the mid-to-late 1960s.

3. Before immigrating to the United States, August Bohanec was trained as a tool-and-die maker.

4. Maria Bohanec was born in 1943 in Mexico.

5. Maria Bohanec immigrated to the United States in the 1960s and became a naturalized citizen of the United States in the 1990s.

6. The highest level of education Maria Bohanec has is the 6th grade in Mexico.

7. August Bohanec and Maria Bohanec have been continuously married since at least 1970.

8. In the 1970s, the Bohanecs purchased a camera shop in Pasadena, California, called Alvin's.

9. The Bohanecs initially sold many different brands of cameras at Alvin's, but after a few years they sold only Leica cameras.

10. The Bohanecs initially obtained their Leica merchandise from Leica's distributor in New Jersey which was the exclusive distributor of Leica products in the United States.

11. Leica is a German brand of camera, but it had a subsidiary in Canada called Leitz Canada.

12. Through their camera shop, Bohanecs became acquainted with the president of Leitz Canada, Walter Kluck.

13. Sometime in the late 1970s or the early-to-mid 1980s, Kluck offered to sell Leitz Canada cameras to the Bohanecs directly from Leitz Canada.

14. In addition, during the 1980s, the Bohanecs brokered transactions between Leitz Canada and various camera retailers around the world. Kluck contacted the Bohanecs requesting their assistance in finding international buyers for their products for which the Bohanecs would earn a commission.

15. These commissions for international sales were deposited into an account at UBS AG in Switzerland in the Bohanecs' name.

16. UBS AG is a Swiss financial-services company.

17. In addition to these deposits, on at least a few occasions, the Bohanecs also directed their international customers to deposit money directly into their UBS account.

18. The Bohanecs did not report the income they received from Leitz Canada for the commissions on their federal income-tax returns.

19. The UBS account was managed by Walter Kluck while he was alive and, thereafter, by UBS.

20. At some point, Kluck told the Bohanecs that the Bohanecs' UBS account had a balance in excess of $700,000.

21. The Bohanecs closed Alvin's Camera sometime in the late 1980s.

22. The Bohanecs would occasionally withdraw money from their UBS account.

23. In June 2003, the Bohanecs transferred $10,000 from their UBS account in Switzerland to their daughter, Yolanda Reischer-Bohanec. Exhibit 11 is a copy of the UBS notice regarding this transfer.

24. In July, 2003, the Bohanecs transferred $25,000 from their UBS account in Switzerland to August Bohanec's account at

1  Steiermärkische Bank in Austria.  Exhibit 12 is a copy of the UBS
2  notice regarding this transfer.
3      25.   In December 2003, the Bohanecs transferred $20,000 from
4  their UBS account in Switzerland to their bank account in Austria.
5  Exhibit 13 is a copy of the UBS notice regarding this transfer.
6      26.   In February 2006, the Bohanecs transferred $25,000 from
7  their UBS account in Switzerland to Mexico for expenses related to
8  their house in Mexico.  Exhibit 14 is a copy of the UBS notice regarding
9  this transfer.
10     27.   In November 2006, the Bohanecs transferred $7,500 from
11 their UBS account in Switzerland to their Bank of America account in
12 Pasadena, California.  Exhibit 15 is a copy of the UBS notice regarding
13 this transfer.
14     28.   In addition, from October 2004 through October 2008, the
15 Bohanecs made several other withdrawals from their UBS account in
16 Switzerland.  Exhibits 17 through 22 are copies of statements from
17 UBS with notations reflecting these withdrawals.
18     29.   The UBS account had the following balances on the
19 following dates as reflected in Exhibit 10:

| Date | Balance |
| --- | --- |
| January 31, 1997 | $1,049,900 |
| December 31, 1997 | $1,015,900 |
| December 31, 1998 | $962,600 |
| December 30, 1999 | $1,096,500 |
| December 29, 2000 | $931,200 |
| December 31, 2001 | $732,200 |
| December 31, 2002 | $647,600 |

| December 31, 2003 | $693,600 |
| --- | --- |
| December 31, 2004 | $645,800 |
| December 31, 2005 | $668,300 |
| December 29, 2006 | $654,200 |
| December 31, 2007 | $687,600 |

30. The deadline for filing the FBAR for 2007 was June 30, 2008.

31. In 2007, in addition to the UBS account in Switzerland, August Bohanec had a bank account in Austria into which were deposited periodic disability payments he received for an eye injury he sustained before immigrating to the United States.

32. In 2007, in addition to the bank accounts in Austria and Switzerland, the Bohanecs also maintained a bank account in Mexico into which they would deposit money from their UBS account in Switzerland to build and maintain a house in Mexico.

33. The Bohanecs did not file an FBAR for 2007.

34. As of June 30, 2008, the Bohanecs' UBS account had a balance of $643,662 as reflected on Exhibit 8.

35. Before June 30, 2008, the most recent tax return the Bohanecs filed was for tax year 1998.

36. In their 1998 tax return, the Bohanecs reported an adjusted gross income of $62,237 and a federal income tax of $7,480, which was timely paid. A copy of the IRS transcript for this account is exhibit 38.

37. In May and June of 2009, the Bohanecs transferred a total of $522,796.55 from their UBS account to a new account at Steiermärkische Bank. Exhibit 16 is a letter from Steiermärkische Bank und Sparkassen AG enclosing records for these transfers.

5

38. On January 29, 2010, the Bohanecs closed the Austrian account at Steiermärkische Bank and transferred the balance of $523,677.40 to their account at Bank of America in Pasadena, California. Exhibit 16 is a letter from Steiermärkische Bank und Sparkassen AG enclosing records for these transfers.

39. Beginning in the early 2000s and continuing through at least 2009, the Bohanecs sold Leitz cameras and parts on Ebay.

40. Between the filing of their 1998 federal income-tax return and May 19, 2011, the Bohanecs did not file any federal income-tax returns.

41. Between the opening of the UBS account and May 19, 2011, the Bohanecs did not file any FBARs.

42. On January 6, 2010, the Bohanecs executed an application to participate in the IRS's Voluntary Disclosure Program for Offshore Accounts. Exhibit 23 is a copy of this application.

43. On January 19, 2010, the Bohanecs were preliminarily accepted into the Voluntary Disclosure Program for Offshore Accounts. Exhibit 24 is a copy of this application.

44. On May 19, 2011, the Bohanecs executed and filed FBARs for 2003, 2004, 2005, 2006, 2007, and 2008. Exhibits 25 through 30 are copies of these FBARs.

45. On May 19, 2011, the Bohanecs executed and filed federal income-tax returns for 2003, 2004, 2005, 2006, 2007, and 2008. Exhibits 31 through 36 are copies of these tax returns.

46. While the FBARs filed by the Bohanecs in May 2011 for 2003, 2004, 2005, 2006, 2007, and 2008 included the UBS account, they did not include the Austrian account which was in existence during 2003 through 2008.

47. The FBARs for 2006, 2007, and 2008 filed by the Bohanecs in May 2011 did not include the Mexican account which was in existence during 2006 through 2008.

48. The Bohanecs were ultimately rejected by the IRS for the Voluntary Disclosure Program for Offshore Accounts.

49. While the federal income-tax returns for 2003, 2004, 2005, 2006, 2007, and 2008 included the interest earned on the UBS accounts, they did not include the income earned by the Bohanecs from their EBay sales.

50. On October 3, 2013, the IRS issued a notice of deficiency for tax year 2003 through 2010. Exhibit 37 is a copy of this notice of deficiency.

51. As reflected in the October 3, 2013, notice of deficiency, after audit, the IRS determined the additional tax and penalties:

| Year | Additional tax | Failure-to-file penalty (IRC § 6651(a)(1) | Fraud penalty (IRC § 6663) |
|---|---|---|---|
| 2003 | $16,651 | $4,162.75 | $7,341 |
| 2005 | $53,330 | $13,332.50 | $39,997.50 |
| 2006 | $23,221 | $5,806 | $17,415.75 |
| 2007 | $50,148 | $12,537.75 | $37,611 |
| 2008 | $8,253 | $2,063.25 | $6,189.75 |
| 2009 | $20,690 | — | $14,052 |
| 2010 | $698 | $174.50 | |

52. The Bohanecs did not filed a suit in Tax Court challenging the tax deficiencies reflected in the October 3, 2013, notice of deficiency.

7

53. The IRS subsequently assessed the additional tax liabilities and penalties specified the October 3, 2013, notice of deficiency.

54. As of September 19, 2016, the outstanding balance on the Bohanecs' federal income-tax liabilities for 2003, 2005, 2006, 2007, 2008, 2009, and 2010 is as follows:

| Tax year | Outstanding balance as of September 19, 2016 |
|---|---|
| 2003 | $25,788.63 |
| 2005 | $181,082.53 |
| 2006 | $71,752.07 |
| 2007 | $147,596.88 |
| 2008 | $23,252.12 |
| 2009 | $41,627.03 |
| 2010 | $1,064.35 |
| Total | $492,163.61 |

55. As of January 1, 2007, one euro was worth $1.32.

7. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: none.

8. Claims presented.

Plaintiff:

   a. Claim: Plaintiff plans to pursue the following claim:
      Claim: August Bohanec and Maria Bohanec willfully failed to file an FBAR for 2007 as required by 31 U.S.C. § 5314.
   b. Elements: For a violation under 31 U.S.C. § 5321, the United States must establish that the August Bohanec and Maria Bohanec:

8

    1. Were United States persons (defined as a U.S. citizen, resident alien, or entity created by U.S. law) (31 C.F.R. § 1010.450(b));

    2. Who did not timely file an FBAR (31 U.S.C. § 5321(a)(5)(A); 31 U.S.C. § 5314; 31 C.F.R. § 1010.306(c));

    3. With respect to a financial interest in, or signature or other authority over, a bank, securities, or other financial account that is in a foreign country (31 C.F.R. § 1010.350(a));

    4. With a balance in excess of $10,000 (31 C.F.R. § 1010.306(c)).

Upon establishment of these elements, the Bohanecs are each liable for a penalty that shall not exceed $10,000. (31 U.S.C. § 5321(a)(5)(B)).

If, in addition to the above elements, the Government establishes the following element, then the maximum penalty is increased from $10,000 to the greater of $100,000 or 50% of the balance in the account at the time of violation (31 U.S.C. § 5321(a)(5)(C) and (D)(ii)), which is the required date of filing the FBAR, which is June 30 of the year following the year for which the report must be filed (31 U.S.C. § 1010.306(c)).

    5. The Bohanecs acted willfully (31 U.S.C. § 5321(a)(5)(C)).

    c.    Plaintiffs' key evidence.  The Government will rely on the testimony of the Bohanecs.  The Government will also rely on several documents including the certificates of assessment, UBS account statements, UBS notices of account transfers, late-filed tax returns, and late-filed FBARs, as well as some other documents.

Defendant:

    a. Defendant does not assert any counterclaims or affirmative defenses.

     b. Elements of counterclaims and affirmative defenses: not applicable.

     c. Defendant's key evidence for counterclaims and affirmative defenses: not applicable.

9. In view of the admitted facts and the elements required to establish the Government's claim, the following issue remains to be tried: Was the Bohanecs' failure to file an FBAR for 2007 willful under 31 U.S.C. § 5321(a)(5)(C)?

10. All discovery is complete.

11. All disclosures under Fed. R. Civ. P. 26(a)(4) have been made.

The joint exhibit list of the parties has been filed under separate cover (dkt. 19) as required by L.R. 16-6.1.  Unless all the parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial.

12. Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

     a. August Bohanec

     b. Maria Bohanec

13. The following law and motion matters and motions in limine, and no others, are pending or contemplated: none.

14. Bifurcation of the following issues for trial is ordered: none.

15. The following admissions have been made by the parties, and the parties have specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the courts of the trial in this cause, unless modified to prevent manifest injustice.

DATED: October 24, 2016 _____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

Approved as to form and content:

| For Plaintiff, | For Defendants, |
|---|---|
| UNITED STATES OF AMERICA | AUGUST BOHANEC and MARIA BOHANEC |
| /s/ Andrew T. Pribe Date: 10/13/16 | /s/ Edward M. Robbins Date: 10/13/16 |
| EILEEN M. DECKER | EDWARD M. ROBBINS, JR. |
| United States Attorney | (SBN: 82696) |
| THOMAS D. COKER | HOCHMAN, SALKIN, RETTIG, |
| Assistant United States Attorney | TOSCHER & PEREZ, P.C. |
| Chief, Tax Division | |
| ANDREW T. PRIBE (SBN: 254904) | |
| Assistant United States Attorney | |