1  EILEEN M. DECKER
2  United States Attorney
   THOMAS D. COKER
3  Assistant United States Attorney
4  Chief, Tax Division
   ANDREW T. PRIBE (CA SBN 254904)
5  Assistant United States Attorney
6        Federal Building, Suite 7211
         300 North Los Angeles Street
7        Los Angeles, California 90012
8        Telephone: (213) 894-6551
         Facsimile: (213) 894-0115
9        E-mail: andrew.t.pribe@usdoj.gov
10
11 *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:15-CV-4347 DDP (FFMx) |
| Plaintiff, | United States of America's trial brief |
| v. | Trial date: November 1, 2016 |
| AUGUST BOHANEC and MARIA BOHANEC, | Judge Dean D. Pregerson |
| Defendants. | |

As discussed by the Supreme Court in the 1974 case *California Bankers Association v. Shultz,* the Bank Secrecy Act "was enacted by Congress in 1970 following extensive hearings concerning the unavailability of foreign and domestic bank records of customers thought to be engaged in activities entailing criminal or civil liability."[1] The Court said that the Act and its implementing regulations "generally require United States citizens … to file reports of their relationships with foreign financial institutions."[2] Indeed, the express purpose of the Act is to require the maintenance of records and require the making of certain reports which "have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings."[3] Congress was concerned about "a serious and widespread use of foreign financial institutions, located in jurisdictions with strict laws of secrecy as to bank activity, for the purpose of violating or evading domestic criminal, tax, and regulatory enactments."[4]

According to the House Report on the bill, Congress received "considerable testimony" regarding the "serious and widespread use of foreign financial facilities located in secrecy jurisdictions" for violating American law including their use "by Americans to evade income taxes, conceal assets illegally and purchase gold[.]"[5] According to the report, "[o]ne of the most damaging effects of an American's use of secret foreign financial facilities is its undermining the fairness of our tax laws."[6] Referring to "secret foreign financial facilities, particularly in Switzerland," the Report

---

[1] 416 U.S. 21, 25–26, 94 S. Ct. 1494, 39 L. Ed. 2d 812 (1974).

[2] *Id.* at 35.

[3] 416 U.S. at 26 (*quoting* 12 U.S.C. § 1829b(a)(2)) (internal quotations omitted).

[4] 416 U.S. at 27.

[5] H.R. No. 91–975 (1970), 1970 U.S.C.C.A.N. 4394, 4397, 1970 WL 5667.

[6] *Id.*

noted that a "secret Swiss account … offers a convenient means of evading U.S. taxes."[7]

Here, the Bohanecs maintained just such an account and did not report it as required by law. In this proceeding, the Government seeks to reduce to judgment its assessment of the civil penalty associated with the Bohanecs failure to report their foreign bank account for 2007.

The Court must decide two disputed legal issues. First, does the United States need to prove willfulness under the preponderance-of-the-evidence or under clear-and-convincing-evidence standard?

Second, what is the scope of willfulness contemplated under 31 U.S.C. § 5321? Does it extend to reckless indifference or is it more narrowly defined, as in the criminal cases cited by Defendants?

Regarding the evidentiary standard, Supreme Court authority, as well as previously litigated civil-FBAR cases, support the application of the preponderance-of-the-evidence standard.

Also consistent with Supreme Court authority, the scope of willfulness in civil cases extends to recklessness. In arguing for a very narrow definition of willfulness as limited to the voluntary and intentional violation of a known legal duty, Defendants rely on criminal cases requiring specific intent which are not applicable in this civil context.

## I. Under IRC § 6321(a)(5)(C), the United States need prove willfulness only by a preponderance of the evidence.

In both *United States v. McBride* and *United States v. Williams*—two civil FBAR cases such as this one—the district court applied the

---

[7] *Id.* at 4397–4398.

preponderance-of-the-evidence standard.[8] This conclusion is supported by Supreme Court authority. In *Herman & MacLean v. Huddleston,* the Court said that when Congress has not proscribed the standard of proof and the Constitution does not require otherwise, "we have required proof by clear and convincing evidence when particularly important individual interests or rights are at stake."[9] The Court then cited three cases as examples, one involving a proceeding to terminate parental rights,[10] one involving involuntary commitment,[11] and one involving deportation.[12] The Court said, however, that the "imposition of even *severe civil sanctions* that do not implicate such interests has been permitted after proof by a preponderance of the evidence."[13] Indeed, the Court noted that "the difficulty of proving the defendant's state of mind supports a lower standard of proof."[14]

This conclusion is bolstered by reference to the Supreme Court's decision in *Grogan v. Garner,* in which the Court said that Congressional silence regarding the burden of proof "is inconsistent with the view that Congress intended to require a special, heightened standard of proof."[15] Indeed, as reflected in the 1914 case of *United States v. Regan,* the Supreme Court has long held that in collecting a pecuniary penalty, the Government's action "is to be conducted and determined according to the same rules and

---

[8] *United States v. McBride,* 908 F. Supp. 2d 1186, 1201 (D. Utah 2012); *United States v. Williams,* 2010 WL 3473311, *1, 5 (E.D. Va. 2010), *reversed on other grounds,* 489 Fed. Appx. 655 (4th Cir. 2012).

[9] 459 U.S. 375, 389, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983).

[10] *Santosky v. Kramer,* 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).

[11] *Addington v. Texas,* 441 U.S. 418, 423, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979).

[12] *Woodby v. INS,* 385 U.S. 276, 285–286, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966).

[13] 459 U.S. at 389–90 (emphasis added).

[14] *Id.* at 390 n. 30.

[15] 498 U.S. 279, 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

1 with the same incidents as are other civil actions."[16]  Accordingly, the Court
2 concluded that "it was intended that a reasonable preponderance of the proof
3 should be sufficient[.]"[17]
4 Thus, the application of the preponderance-of-the-evidence standard is
5 supported both by prior civil-FBAR cases and by Supreme Court authority.

## II. Willfulness under 31 U.S.C. § 5321 extends to reckless indifference.

Willfulness is not defined in 31 U.S.C. § 5321.  But the Supreme Court has clarified in *Safeco Insurance Co. v. Burr* that when "willfulness" is a statutory condition for imposition of civil liability, the Court has "generally taken it to cover not only knowing violations of a standard, but reckless ones as well."[18]  Indeed, willfulness extends to one's careless disregard of ones of obligation to act.[19]  Thus, as explained by the district court in *United States v. McBride,* "'willfulness' may be satisfied by establishing the individual's reckless disregard of a statutory duty, as opposed to acts that are known to violate the statutory duty at issue."[20]  An improper motive is not necessary to establish willful in a civil context.[21]

In *Williams,* while the district court found that the Williams did not willfully violate the reporting requirements, this determination was reversed by the Fourth Circuit which, citing *Safeco Insurance,* found that "Williams's

---

[16] 232 U.S. 37, 46–47, 34 S. Ct. 213, 58 L. Ed. 494 (1914).

[17] *Id.* at 48.

[18] 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

[19] *See Safeco Ins. Co.,* 551 U.S. at 57; *United States v. Illinois Central R. Co.,* 303 U.S. 239, 242–43, 58 S. Ct. 533, 82 L. Ed. 773 (1938) ("willfully," as used in a civil penalty provision, includes "conduct marked by a careless disregard whether or not one has the right so to act").

[20] 908 F. Supp. 2d 1186, 1204 (D. Utah, 2012) (*citing Safeco Ins. Co.,* 551 U.S. at 57).

[21] *McBride,* 908 F. Supp. 2d at 1204.

4

undisputed actions establish reckless conduct, which satisfies the proof requirements under § 5314."[22]

Cases cited by Defendants in support of their contention that willfulness encompasses only intentional violations of known legal duties are criminal cases and, therefore, are not applicable in defining the scope of willfulness in a civil context. In *Ratzlaf v. United States,* the Supreme Court addressed willfulness for the crime of structuring in violation of 31 U.S.C. §§ 5313 and 5322.[23] Similarly, *United States v. Sturman, United States v. Eisenstein, United States v. Granda*, and *United States v. Bank of New England* are all criminal cases.[24] As noted by the Supreme Court in *United States v. Cheek,* willfulness in criminal tax cases requires the Government to prove that the defendant knew of the duty and "that he voluntarily and intentionally violated that duty."[25] As the Ninth Circuit noted in *United States v. Mousavi,* "in the context of criminal statutes, the word 'willful' generally indicates a requirement of specific intent."[26]

Here, the Government seeks to enforce a civil penalty, not a criminal one. While the Supreme Court has adopted an especially narrow view of willfulness in criminal taxes, the Supreme Court—as reflected in *Safeco Insurance Co.*—has acknowledged that in civil cases, willfulness includes recklessness.[27] As noted by *McBride,* "[a]n individual's actions may be deemed willful if the individual recklessly ignores the risk that conduct is

---

[22] 489 Fed. Appx. 655, 660 (4th Cir. 2012).

[23] 510 U.S. 135, 114 S. Ct. 644, 126 L. Ed. 2d 615 (1994).

[24] *United States v. Sturman,* 951 F.2d 1466, 1476–77 (6th Cir. 1991); *United States v. Eisenstein,* 731 F.2d 1450 (11th Cir. 1984), *United States v. Granda,* 565 F.2d 922 (5th Cir. 1978), *United States v. Bank of New England,* 821 F.2d 844 (1st Cir. 1987).

[25] 498 U.S. 192, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991).

[26] 604 F.3d 1084, 1092 (9th Cir. 2010).

[27] *See Safeco Ins. Co.,* 551 U.S. at 57.

5

illegal by failing to investigate whether the conduct is legal."[28] According to the court, "[t]he same logic applies to those who deliberately avoid learning of their legal duty or the facts that would give rise to their wrongdoing."[29]

Therefore, to support the civil penalty in this case, the Government need not prove that the Bohanecs knew of the FBAR requirement and despite this knowledge, intentionally and voluntarily did not file the FBAR. Rather, the Government need only prove that the Bohanecs were recklessly indifferent to their obligations under federal law.

### III. IRS documents cited by Defendants do not supersede the caselaw cited by the Government.

In support of their argument that the standard of proof is clear and convincing, Defendants rely on an IRS Chief Counsel advice memorandum from 2006 in which IRS Counsel cautioned an IRS territory manager that it expected a court to impose the clear-and-convincing burden in a civil FBAR penalty case. This overly cautious prediction, however, is not binding on this court[30] and, in fact, has not proven true in light of the district courts' decisions in *McBride* and *Williams*.

///
///
///
///
///

---

[28] 908 F. Supp. 2d at 1209.

[29] *Id.* at 1210.

[30] *Christensen v. Harris County,* 529 U.S. 576, 587, 120 S. Ct. 1655, 146 L. Ed. 2d 621 (2000) ("Interpretations such as those in opinions letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference.").

6

Regarding Defendants' reference to the Internal Revenue Manual, the manual "does not have the force of law and does not confer rights on tapxayers[,]" as noted by the Ninth Circuit in *Fargo v. Commissioner*.[31]

Dated: October 25, 2016

EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

**/s/ Andrew T. Pribe**
ANDREW T. PRIBE
Assistant United States Attorney

---

[31] 447 F.3d 706, 713 (9th Cir. 2006) (*citing Carlson v. United States,* 126 F.3d 915, 922 (7th Cir. 1997); *Marks v. Commissioner,* 947 F.2d 983, 986 n. 1 (D.C. Cir. 1991); *Valen Manufacturing Company v. United States,* 90 F.3d 1190, 1194 (6th Cir. 1996); *United States v. Horne,* 714 F.2d 206, 207 (1st Cir. 1983); *Einhorn v. DeWitt,* 618 F.2d 347, 349–50 (5th Cir. 1980)).

7